UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No.  SA-05-CV-099-XR |
| ) | |
| LINDA EVANS, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Following the Court's Order granting in part and denying in part the parties' respective motions for summary judgment (Docket No. 56), Plaintiff filed a Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Docket No. 57). Having considered that Motion, and the related briefings and case law, the Court GRANTS the Motion insofar as it pertains to the Court's res judicata ruling on Plaintiff's 31 U.S.C. § 3713 claim. As for the related determination of damages on the fiduciary claim, the Court requests both parties submit their proposed calculations within twenty (20) days of the issuance of this Order, after which, they will be entitled to respond to the other's figures. Finally, the Court corrects its previous Order to reflect that post-judgment interest in this case will accrue under 26 U.S.C. §§ 6601(a) and 6621, not 28 U.S.C. § 1961.

**Analysis**

A detailed summary of the facts and legal issues comprising this case can be found in the Court's summary judgment order (Docket No. 56). The only matters in dispute on this Motion for Reconsideration are 1) whether a 2001 agreed Tax Court judgment presents a res judicata defense

1

to the Government's fiduciary liability claim against Linda Evans for her actions, as executrix of her late husband's estate, in transferring properties from the estate that rendered it unable to meet its tax liabilities for 1989, 1990, and 1991; 2) if there is no res judicata defense, the amount Ms. Evans owes for her breach of fiduciary duties; and 3) which post-judgment statutory interest provisions apply in this case.

Res Judicata and Plaintiff's Fiduciary Liability Claim

The Government asserts a fiduciary liability claim against Ms. Evans under 31 U.S.C. § 3713 for distributing, as executrix, the assets of the Estate when she knew it was insolvent and owed a debt to the Government.

In *US v. Shanbaum* the Fifth Circuit observed that

> one's total income tax liability for each taxable year constitutes a single, unified cause of action, regardless of the variety of contested issues and points that may bear on the final computation. Thus, if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to an any subsequent proceeding involving the same claim and the same tax year.[1]

Relying heavily on this language, this Court, in its summary judgment order, found the Government's § 3713 fiduciary liability claim was barred, based on the 2001 agreed Tax Court judgment, by res judicata.

The Government, however, points the Court to the more recent Fifth Circuit case *US v. Davenport*, which states that for res judicata to apply, the following four-part test must be satisfied: "1) the parties must be either identical or in privity; 2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; 3) the prior action must have been concluded to a final judgment on the merits; and 4) the same claim or cause of action must have been involved

---

[1] 10 F.3d 305, 314 (5th Cir. 1994).

in both actions."[2]

Both parties agree the first three parts of the test are met. They dispute only part four, which concerns whether the 2001 Tax Court decision and the fiduciary liability claim pled in the present case involve the same cause of action. As the *Davenport* court stated, a "court determines whether two suits involve the same claim or cause of action by applying the transactional test of the Restatement (Second) of Judgments."[3] According to the transactional test, the court's inquiry should focus "on whether the two cases under consideration are based on the **same nucleus of operative facts**."[4]

As the Government shows, the operative facts underlying the Tax Court decision were those relevant to the determination of which taxes were owed for the years of 1989, 1990, and 1991, and whether the innocent spouse defense should apply to offset some of Ms. Evans' obligations for the joint liability taxes. In contrast, the operative facts of the Government's § 3713 fiduciary claim are those pertaining to Ms. Evans' distribution of estate assets in 1995 after receiving notice of the debt owed by the estate to the Government. In other words, with the fiduciary claim, there is no dispute about liability or non-liability relating to particular tax years - the focus of the Tax Court judgment, but rather, a focus on Ms. Evans' decision to distribute assets that rendered the estate insolvent and prevented it from satisfying its unpaid debts to the Government, concerning which Ms. Evans had received notice.

---

[2] 484 F.3d 321, 326 (5th Cir. 2007).

[3] *Id*.

[4] *Id*. (emphasis added). "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *Id*.

Accordingly, the Court finds that because the claims raised in the 2001 Tax Court decision involve a different nucleus of operative facts than the fiduciary claim raised in this case, res judicata does not apply.[5]

Amount Owed for Fiduciary Breach

Having determined that res judicata does not apply to prevent the Government from succeeding on its fiduciary liability claim, the question next turns to how much the Defendant owes on that claim.

In support of its assertion that Ms. Evans owed $299,184.83 as of August 30, 2006 for the tax, interest, and penalties due by the estate, the Government proffers an affidavit by Mr. Bruce Wilpon, an attorney in the Small Business/Self-Employed Division of the Office of Chief Counsel, Internal Revenue Service. According to Mr. Wilpon, he "reviewed IRS records and transcripts for the taxpayers and computed the outstanding balances for the Estate's additional taxes owed for 1989, 1990, and 1991, as determined and stated on page 3 of the Tax Court Decision."[6] According to his calculations, the total "amount due from the Estate through September 23, 1995, including interest under 26 U.S.C. §§ 6601(a) and 6621, was $132,703.58."[7] This date is important because it is when Ms. Evans breached her fiduciary duties as executrix and disposed of estate assets before satisfying

---

[5] Defendant also argues that because the Government could have raised its fiduciary claim during the Tax Court case, it is barred from doing so now. The Court disagrees, both as a matter of law and of policy. While the Government could have raised its fiduciary claim in the earlier proceeding, it was not by law required to do so. Furthermore, the Court does not believe it to be sound policy to require the Government to file a fiduciary claim that assumes a party will fail to pay the taxes owed before a court can even assess whether any taxes will be owed, and if so, how much.

[6] Declaration of Bruce M. Wilpon at 2 (Docket No. 62).

[7] *Id*.

the debt obligations due the Government.

Next, Mr. Wilpon asserts that "interest has accrued on this amount from September 24, 1995 through August 30, 2006, making the total additional amount due from the Estate to be $299,184.33."[8] In support of these calculations, Mr. Wilpon attaches printouts which purport to show how he arrived at his numbers. Defendant challenges these figures, arguing "declarant Wilpon . . . provides no basis or explanation as to the interest calculation or any methods or other manner by which any of the numbers are calculated."[9] More specifically, Defendant contends that "declarant Wilpon simply provides unintelligible computer printouts which appear to shuffle numbers around the page while calculating interest and an ending balance due without any references to rates or principle [sic] amounts."[10]

The Court agrees that the printouts submitted by the Government fail to sufficiently establish how it arrived at its figure of $299,184.33. To assist the Court in resolving the dispute, the parties are requested to submit a detailed accounting within twenty (20) days of how much they believe Ms. Evans owes pursuant to the fiduciary claim against her. The parties should break their calculations into their constituent parts, including by year and source of debt (such as from taxes, interest, or penalties). The specific interest rates applied should be clearly identified.

Post-Judgment Interest to Apply

In its Motion for Reconsideration, the Government argues the Court applied the wrong post-judgment statutory interest provision in its previous order. The Court agrees. Therefore, in calculating

---

[8] *Id*.

[9] Docket No. 65 at 3.

[10] *Id*. at 3-4.

the post-judgment interest due, the parties should adhere to 26 U.S.C. §§ 6601(a) and 6621, not 28 U.S.C. § 1961.

### Conclusion

For the reasons set forth above, the Court GRANTS the Government's Motion for Reconsideration as it relates to the Court's res judicata holding and directs the parties to submit within twenty (20) days their detailed calculations for determining how much Ms. Evans owes as a result of the fiduciary claim against her. After the parties have submitted their calculations, they will be permitted to respond to one another's proposals.

Finally, in calculating post-judgment interest, the correct statutory provisions to apply are 26 U.S.C. §§ 6601(a) and 6621.

It is so ORDERED.

SIGNED this 27th day of November, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE